UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EBONY HEMPHILL                                                                                              PLAINTIFF

VS.                                                              CIVIL ACTION NO. 3:15-cv-779-CWR-FKB

NISSAN/KELLY SERVICES                                                                              DEFENDANT

REPORT AND RECOMMENDATION

On October 29, 2015, Plaintiff Ebony Hemphill filed a complaint [1] in this court, alleging wrongful termination from her employment and naming Nissan/Kelly Services as defendant. Plaintiff filed a motion to proceed *in forma pauperis* [2], which the court ultimately granted [4]. Having reviewed and liberally construed the complaint *sua sponte*, the undersigned recommends that this case be dismissed without prejudice.

Pursuant to Section 1915 of Title 28, United States Code, which governs proceedings *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The Fifth Circuit has held that under the statute, "[a] claim may be dismissed for failure to state a claim upon which relief can be granted if, assuming all well-pleaded facts are true, the plaintiff has not stated enough facts to state a claim to relief that is plausible on its face." *James v. McDuffie*, 539 Fed. Appx. 435, 435 (5th Cir. 2013) (citation omitted).[1]

To properly state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegaitons in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation

---

[1]Section 1915(e)(2)(B) applies to *pro se* non-prisoner cases, as well as prisoner cases. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002).

omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

  Because the court has permitted Plaintiff to proceed *in forma pauperis* in this action, the complaint is subject to *sua sponte* dismissal under Section 1915.  Plaintiff's complaint alleges that she has "been unable to gain employment opportunities due to . . . getting wrongfully terminated from my job and being denied unemployment benefits." [1] at 1.  The complaint further alleges that Plaintiff "was involved in a fight of no fault of my own," and that Plaintiff has been "unable to gain employment, receive unemployment benefits, was termintaed [sic] from job, [and] have a scar on my face." *Id.* at 2.  Further, Plaintiff states that "this employer has put a block or code on my name or social security number which prevents me from seeking or gaining employment." *Id.*  For damages, Plaintiff seeks $250,000.00 "and all of my unemployment benefits . . . [f]or the two years and previous months there after." *Id.*

  Plaintiff has set forth no facts with regard to her claim that she was wrongfully terminated other than alleging that she was "involved in a fight." *Id.*  The court cannot determine whether Plaintiff is suing Nissan, Kelly Services, the "Nissan auto plant," or some combination thereof. Further, although Plaintiff lists these entities as defendants, the complaint fails to identify Plaintiff's employer, provide supporting factual allegations regarding her employment and termination, or provide addresses for service of process.  The court cannot determine what legal claims Plaintiff is asserting, and Plaintiff failed to assert any facts that would support a legal claim.  Accordingly, the undersigned recommends that this case be dismissed.

  Because the court has not considered the merits of Plaintiff's purported claims and there

have been no substantive proceedings on the purported claims before the court, the dismissal would be without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636.

Respectfully submitted, this the 16th day of December, 2015.

      /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE